PARKER CALLEANCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calleance v. Commissioner
Docket No. 24009-86.
United States Tax Court
T.C. Memo 1988-42; 1988 Tax Ct. Memo LEXIS 45; 55 T.C.M. (CCH) 61; T.C.M. (RIA) 88042; February 10, 1988. *45 Parker Calleance, pro se. Thomas R. Mackinson, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the 1981 taxable year in the amount of $ 34,304. The issues raised in the notice of deficiency have been resolved by the parties. However, at trial petitioner orally moved to amend his petition to allege that the amount of wages reflected on the W-2 Form filed by his employer for 1981 was overstated. Respondent, having had sufficient prior notice, did not object and we granted petitioner's motion. At the time the petition was filed, petitioner resided in Millbrae, California. During the year in issue petitioner was president and an employee of Calco Imports-Exports, Inc., a/k/a/ Calco Hawaiian Manufacturing (Calco). Petitioner owned 70 percent of the stock of Calco until he sold his stock pursuant to a stock purchase agreement dated November 4, 1981, which closed escrow on November 20, 1981. On a "corrected" W-2 Form [1] Calco reported that petitioner received wages in the amount of $ 60,308.43. Petitioner reported this amount on his 1981 income tax return and did not *46 raise a question about it until shortly before trial. Petitioner testified that his established salary was $ 60,000 per year, and that before the sale of the company he was paid for 10 full months at $ 5,000 per month ($ 50,000) and for an additional 18 days at $ 3,000. [2] In addition, he claims to have been paid $ 2,000 by the new owners to operate the company for another month. His last day at work for Calco was December 18, 1981. The amounts stated add up to $ 55,000 which petitioner states was his total wage income for 1981. Petitioner claims the discrepancy arose because a check he wrote to Calco in the amount of $ 5,269.36 was recorded erroneously on Calco's books as "sales" income. The check represented the remaining amount due on a Cadillac El Dorado, a company car being transferred to petitioner as part of the sales agreement. According to petitioner, instead of recording this amount on Calco's books as having been received from *47 petitioner, Calco's bookkeeper treated the amount owed on the car as additional income to petitioner. In other words, the $ 5,269.36 was added to petitioner's wages of $ 55,000 on his W-2 Form. Petitioner did not call the bookkeeper or anyone from Calco to testify, explaining that Calco's management refused to cooperate in providing any records. In his notice of deficiency respondent accepted petitioner's wages as shown on his return. Petitioner has the burden of proving respondent's determinations are incorrect. ; Rule 142(a).[3] We find that petitioner has not met his burden of proving that his W-2 wage income was incorrectly reported. First, we note that $ 55,000 plus $ 5,269.36 adds up to $ 60,269.36, not the amount shown on the W-2 Form ($ 60,308.43). Secondly, we find it difficult to believe that petitioner would not have noticed a $ 5,000-plus discrepancy in his reported wages, either at the time he received the W-2 Form, at the time he signed his income tax return, or at the time he prepared his petition to this Court. *48 Finally, petitioner could have subpoenaed Calco's books and records or, alternatively, the bookkeeper who reportedly told petitioner of the error. Since he did not do so, we assume the records and testimony would not have been favorable. See , affd. . We therefore find that Calco correctly reported petitioner's wages for 1981 in the amount of $ 60,308.43. Decision will be entered under Rule 155.
Footnotes
1. The original W-2 Form has apparently been lost. ↩
2. Petitioner testified the additional days were in October. However, the first 10 full months would have included October, so we assume petitioner meant 18 days in November. ↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩